UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jonathan Bennett<br>6691 Country Ln.<br>Belleville, MI 48111<br><br>    Plaintiff,<br><br>v.<br><br>Check Resolution Service, Inc.<br>1561 Kenmore Ave.<br>Kenmore, NY 14217<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a).  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. During the months of October 2008 and November 2008, Defendant telephoned both Plaintiff's cellular phone and Plaintiff's mother's residence on numerous occasions in an effort to collect the debt.

8. During several of these communications, Defendant disclosed to Plaintiff's mother that Plaintiff owed the debt.

9. During several of these communications, Defendant misrepresented itself as a process server.

10. During at least one of these communications, Defendant threatened to serve Plaintiff at Plaintiff's place of employment.

11. During several of these communications, Defendant misrepresented that it was in the process of filing a lawsuit against Plaintiff.

12. During at least one of these communications, Defendant misrepresented that Plaintiff had been charged with defrauding a federal institution.

13. At the time of the communications referenced above, Defendant had neither the intent nor the ability to carry out its threatened actions.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d in that Defendant repeatedly or continuously telephoned Plaintiff and/or another person with the intent to annoy, abuse, and/or harass that person.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692d in that Defendant failed to meaningfully disclose its identity during telephone communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant violated 15 U.S.C. §1692e in that Defendant failed to advise Plaintiff during verbal communications that Defendant was a debt collector.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT EIGHT

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT TEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT ELEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

38. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

39. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: <u>s/Timothy J. Sostrin</u>
    Timothy J. Sostrin
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com

    <u>s/ with consent of Lori A. Leigh</u>
    Lori A. Leigh
    17117 W. Nine Mile, Suite 1020
    Southfield, MI 48075
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lal@legalhelpers.com
    Bar # P65423 (Local Counsel)